UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYAN K. COTTLE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:22-cv-498-MTS |
| STATE OF MISSOURI, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, Doc. [14], Plaintiff's Amended Complaint, Doc. [13]. Plaintiff Bryan Cottle is a *pro se* plaintiff. Plaintiff claims that the State of Missouri has violated his rights under the United States Constitution during two state criminal cases pending in St. Charles County, Circuit Court Case No. 1811-CR03696-01, and in St. Louis County Circuit Court, Case No. 20SL-CR07843. Plaintiff seeks relief including the dismissal of the criminal charges in those cases. Defendant, the State of Missouri, moves the Court to dismiss Plaintiff's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Upon review of Plaintiff's filings, the Court concludes the *Younger* doctrine precludes the Court from enjoining the state from prosecuting him or releasing him from confinement. *See Younger v. Harris*, 401 U.S. 37 (1971).

**I.   Background**

In Plaintiff's *pro se* Complaint, he claims that the State of Missouri has deprived him of his constitutional rights "to life" by keeping him in custody while two criminal cases are pending against him in state court, St. Charles County Case No. 1811-CR03696-01 and St. Louis County Case No. 20SL-CR07843. Doc. [13] at 7. Plaintiff alleges he is "now in custody at St. Louis

1

Forensic Treatment Center at 5351 Delmar Boulevard, St. Louis, Missouri." *Id.* Plaintiff seeks relief including the dismissal of the criminal charges in those cases and to be "completely free from the state of Missouri and United States Custody and Authority." *Id.* at 8.

The state court found Plaintiff incompetent to proceed in both criminal cases. Based on the state court's incompetency findings, both cases are currently stayed, according to a review of Missouri Case.net, Missouri's online case management system. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining the Court may take judicial notice of the public records of state courts).

In the St. Louis County criminal case, on June 28, 2021, the circuit court entered an order finding, pursuant to Mo. Rev. Stat. § 552.020, and based upon a psychologist's report of the examination of Plaintiff's mental status, that Plaintiff "is not now mentally fit to proceed." The circuit court ordered that the criminal proceedings in 20SL-CR07843 "shall be suspended" and committed Plaintiff to the custody of "the Director of Mental Health." On June 28, 2021, the circuit court also entered a separate order stating "cause stayed per sec. 552.020."

In the St. Charles County criminal case, a notation in the Case Header screen for 1811-CR03696-01 states "Case Suspended-Mental Eval." Case.net shows that a mental exam was filed on August 3, 2020, and Plaintiff failed to appear for a competency hearing that was scheduled for August 31, 2020, so a warrant was issued. On November 9, 2021, private counsel entered an appearance on Plaintiff's behalf. Plaintiff is no longer represented by private counsel.

Currently before the Court, Defendant moves to dismiss Plaintiff's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. [14]. This Motion is fully briefed. Docs. [15], [32], [34].

2

## II.     Discussion

Plaintiff asks this Court to investigate and dismiss the state prosecutions against him. Doc. [13] at 7–8. The abstention doctrine set forth in *Younger* precludes such relief. *See Younger*, 401 U.S. at 37. *Younger* requires federal courts to abstain from hearing cases when an ongoing state judicial proceeding exists that implicates important state interests and affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). The doctrine applies to claims for both injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971).

Ongoing state criminal proceedings, like the two prosecutions at issue here, implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *Coley v. Clinton*, 635 F.2d 1364, 1371–72 (8th Cir. 1980) (explaining the "*Younger* restriction on federal court interference with ongoing state court proceedings closely related to the criminal law"). Further, "[m]atters concerning the competency of criminal defendants are traditionally areas of state concern." *Asselin v. Boulder Cnty. Sheriff*, 1:16-cv-00144-GPG, 2016 WL 1321701, at *3 (D. Colo. Apr. 5, 2016); *Coley v. Clinton*, 635 F.2d 1364, 1371 (8th Cir. 1980) (finding *Younger* abstention precludes federal court from considering action for declaratory and injunctive relief challenging "state court proceedings for commitment"). And, as Defendant points out, Missouri state courts have adequate and effective procedures for reviewing Plaintiff's claims. *See* Doc. [15] at 5–6 (citing various portions of Mo. Rev. Stat. § 552.020 and Missouri Supreme Court rules).

But even where the *Younger* factors are satisfied, federal courts do not invoke the doctrine if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*,

3

457 U.S. 423, 435 (1982); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) ("*Younger* itself held that, absent unusual circumstances, a federal court could not interfere with a pending state criminal prosecution."). Plaintiff makes no showing here. Nor has Plaintiff shown he will suffer "irreparable damages" if the state court proceedings are not enjoined. *Caldwell v. Camp*, 594 F.2d 705, 707 (8th Cir. 1979) ("[F]ederal courts should generally refrain from enjoining ongoing state criminal proceedings, absent extraordinary circumstances where the danger of irreparable loss to the federal plaintiff is 'both great and immediate.'") (quoting *Younger*, 401 U.S. at 45)). Since Plaintiff has shown no exceptional circumstances which would prevent the presumptive application of the *Younger* doctrine, the Court grants Defendant's Motion to Dismiss.

## Conclusion

Therefore, the Court grants Defendant's Motion to Dismiss on abstention grounds pursuant to *Younger* because Plaintiff's constitutional claims can be determined in the state proceedings, and there is no showing of bad faith, harassment, irreparable harm, or some other extraordinary circumstance that would make abstention inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [14], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining motions, Docs. [17], [20], [27], and [33], are **DENIED** as **MOOT**.

Dated this 15th day of November, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE